# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re: § §
Haroldas Caplikas § Case No. 16-30051
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/21/2016. The undersigned trustee was appointed on 09/21/2016.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 9,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 2,425.00 |
| Bank service fees | | 10.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 6,565.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 09/25/2017 and the deadline for filing governmental claims was 09/25/2017 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,650.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,650.00 , for a total compensation of $ 1,650.00 $^2$. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 17.75 , for total expenses of $ 17.75 $^2$.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/09/2018                By:/s/Zane L. Zielinski, Trustee
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

$^2$ If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 16-30051 | BWB | Judge: | Bruce W. Black | Trustee Name: | Zane L. Zielinski, Trustee |
| Case Name: | Haroldas Caplikas | | | | Date Filed (f) or Converted (c): | 09/21/2016 (f) |
| | | | | | 341(a) Meeting Date: | 11/10/2016 |
| For Period Ending: | 05/09/2018 | | | | Claims Bar Date: | 09/25/2017 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 13225 W. Choctow Trail, Homer Glen, IL  60491 | 425,000.00 | 0.00 | | 0.00 | FA |
| 2. 2000 Ford Explorer | 1,500.00 | 0.00 | | 0.00 | FA |
| 3. Household goods | 750.00 | 0.00 | | 0.00 | FA |
| 4. Cellphone, computer, printer, IPad | 250.00 | 0.00 | | 0.00 | FA |
| 5. Wearing Apparel | 200.00 | 0.00 | | 0.00 | FA |
| 6. Red Line Watch | 450.00 | 0.00 | | 0.00 | FA |
| 7. Cash | 25.00 | 0.00 | | 0.00 | FA |
| 8. Checking - BMO Harris | 1,000.00 | 0.00 | | 0.00 | FA |
| 9. Checking - First Personal Bank | 450.00 | 0.00 | | 0.00 | FA |
| 10. Business Checking - US Bank | 200.00 | 0.00 | | 0.00 | FA |
| 11. Business Checking - First Personal Bank | 1,500.00 | 0.00 | | 0.00 | FA |
| 12. 100% sharholder of Hariune, INc. | Unknown | 0.00 | | 0.00 | FA |
| 13. Fraudulent Transfer to Debtor's Son  (u) | 0.00 | 25,000.00 | | 9,000.00 | FA |
| INT. Void (u) | 0.00 | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $431,325.00 | $25,000.00 | | $9,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

The trustee filed a lawsuit against the Debtor's son for a fraudulent transfer. Adversary Case No. 17-00385

Initial Projected Date of Final Report (TFR): 04/30/2018    Current Projected Date of Final Report (TFR): 04/30/2018

Exhibit A

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |  | |
|---|---|---|---|
| Case No: | 16-30051 | Trustee Name: | Zane L. Zielinski, Trustee |
| Case Name: | Haroldas Caplikas | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX2450 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX7371 | Blanket Bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 05/09/2018 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 03/15/18 | 13 | Tadas Caplikas<br>Cashier;s Check<br>First Personal Bank<br>14702 Ravinia Ave<br>Orland Park, IL | Settlement Funds | 1141-000 | $9,000.00 | | $9,000.00 |
| 04/06/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $8,990.00 |
| 04/09/18 | 5001 | Law Offices of Zane L. Zielinski, P.C.<br>6336 North Cicero Avenue; Suite 201<br>Chicago, Illinois 60646 | Attorney Fees and Expenses | | | $2,425.00 | $6,565.00 |
| | | Law Offices of Zane L. Zielinski, P.C. | ($2,300.00) | 3110-000 | | | |
| | | Law Offices of Zane L. Zielinski, P.C. | ($125.00) | 3120-000 | | | |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $9,000.00 | $2,435.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $9,000.00 | $2,435.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $9,000.00 | $2,435.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*                    Page Subtotals:        $9,000.00        $2,435.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX2450 - Checking | $9,000.00 | $2,435.00 | $6,565.00 |
| | $9,000.00 | $2,435.00 | $6,565.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $9,000.00 |
| Total Gross Receipts: | $9,000.00 |

Exhibit C

ANALYSIS OF CLAIMS REGISTER

Case Number: 16-30051  
Debtor Name: Haroldas Caplikas  
Claims Bar Date: 9/25/2017  
Date: May 9, 2018

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Zane L. Zielinski, Trustee<br>6336 N. Cicero Avenue<br>Suite 201<br>Chicago, Illinois 60646 | Administrative | | $0.00 | $1,650.00 | $1,650.00 |
| 100 2200 | Zane L. Zielinski, Trustee<br>6336 N. Cicero Avenue<br>Suite 201<br>Chicago, Illinois 60646 | Administrative | | $0.00 | $17.75 | $17.75 |
| 100 2700 | United States Bankruptcy Court | Administrative | | $0.00 | $350.00 | $350.00 |
| 100 3110 | Law Offices of Zane L. Zielinski, P.C.<br>6336 North Cicero Avenue; Suite 201<br>Chicago, Illinois 60646 | Administrative | | $0.00 | $2,300.00 | $2,300.00 |
| 100 3120 | Law Offices of Zane L. Zielinski, P.C.<br>6336 North Cicero Avenue; Suite 201<br>Chicago, Illinois 60646 | Administrative | | $0.00 | $125.00 | $125.00 |
| 1 300 7100 | Republic Equity Credit Services, In<br>307 N. Michigan Ave.<br>Chicago, Il 60601-5382 | Unsecured | | $95,155.00 | $98,409.59 | $98,409.59 |
| 2 300 7100 | Midland Funding Llc<br>Midland Credit Management, Inc<br>As Agent For Midland Funding, Llc<br>Po Box 2011<br>Warren, Mi 48090 | Unsecured | | $9,650.00 | $12,380.36 | $12,380.36 |
| 3 300 7100 | Discover Bank<br>Discover Products Inc<br>Po Box 3025<br>New Albany Ohio 43054-3025 | Unsecured | | $15,931.00 | $9,650.02 | $9,650.02 |
| | Case Totals | | | $120,736.00 | $124,882.72 | $124,882.72 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 16-30051
Case Name: Haroldas Caplikas
Trustee Name: Zane L. Zielinski, Trustee

| Balance on hand | $ | 6,565.00 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Zane L. Zielinski, Trustee | $ 1,650.00 | $ 0.00 | $ 1,650.00 |
| Trustee Expenses: Zane L. Zielinski, Trustee | $ 17.75 | $ 0.00 | $ 17.75 |
| Attorney for Trustee Fees: Law Offices of Zane L. Zielinski, P.C. | $ 2,300.00 | $ 2,300.00 | $ 0.00 |
| Attorney for Trustee Expenses: Law Offices of Zane L. Zielinski, P.C. | $ 125.00 | $ 125.00 | $ 0.00 |
| Charges: United States Bankruptcy Court | $ 350.00 | $ 0.00 | $ 350.00 |

Total to be paid for chapter 7 administrative expenses    $    2,017.75
Remaining Balance    $    4,547.25

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 120,439.97 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 3.8 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Republic Equity Credit Services, In | $ 98,409.59 | $ 0.00 | $ 3,715.49 |
| 2 | Midland Funding Llc | $ 12,380.36 | $ 0.00 | $ 467.42 |
| 3 | Discover Bank | $ 9,650.02 | $ 0.00 | $ 364.34 |
| | Total to be paid to timely general unsecured creditors | | | $ 4,547.25 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE